IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Calvin Neuendorf II,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-14-0176-PHX-DJH (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DIANE J. HUMETEWA, U. S. DISTRICT JUDGE:

    John Calvin Neuendorf II filed a Petition for Writ of Habeas Corpus on January 30, 2014, challenging his convictions, pursuant to a plea agreement, in Maricopa County Superior Court for aggravated assault and attempted aggravated assault. He raises four arguments about errors by his counsel, the prosecution, and the trial court during his plea colloquy and his sentencing. Respondents contend that his petition is untimely. As explained below, the Court recommends that Neuendorf's Petition be denied and dismissed with prejudice.

## BACKGROUND

    Following his November 2009 indictment, Neuendorf entered a plea of guilty in Maricopa County Superior Court to one count of attempted aggravated assault, a class 4 felony, and one count of aggravated assault, a class 3 felony. (Doc. 36, Exs. A, B) During his change of plea, the Superior Court advised Neuendorf of all his pertinent constitutional rights and rights of review, and then took a recess to allow Neuendorf "the

opportunity to read and review the entire plea agreement" before accepting his plea. (Doc. 36, Ex. B)  On April 8, 2011, the Superior Court sentenced Neuendorf to an aggravated term of 10 years for the aggravated assault charge to be followed by a 4 year term of probation for the attempted aggravated assault charge.  (Doc. 36, Ex. C)

First Rule 32 Proceeding.  On March 6, 2012, nearly a year after his sentencing, Neuendorf filed a Petition for Post-Conviction Relief and, in March 9, 2012, he filed a Notice of Post-Conviction Relief and a second Petition.   (Doc. 36, Exs. D, E, F) Together, these documents allege that he received ineffective assistance of counsel, his convictions and sentences were unconstitutional, and that newly discovered material facts would probably change the verdict or sentence.  (*Id*.)  On March 30, 2012, the Superior Court found that he had failed to state a claim for which relief can be granted in an untimely Rule 32 proceeding and dismissed his post-conviction proceedings.  (Doc. 36, Ex. G)

First Habeas Petition.  On April 10, 2012, Neuendorf filed a Petition for Writ of Habeas Corpus in this Court and, on July 27, 2012, he filed an Amended Petition.  CV-12-755-PHX-RCB (DKD) at Docs. 1, 16.  Neuendorf affirmatively alleged that he had not raised any of his claims to the Arizona Court of Appeals and so, on September 10, 2012, the Court dismissed the Amended Petition without prejudice for failure to exhaust state court remedies.  *Id*. at Doc. 21.

Successive Rule 32 Proceedings.  On April 11, 2012, Neuendorf filed a Notice of Post-Conviction Relief alleging ineffective assistance of counsel and that the delayed filing was because he had been the victim of various assaults. (Doc. 36, Ex. I)  On April 19, 2012, the Court dismissed his Notice because ineffective assistance of counsel claims cannot be raised in successive proceedings and because his explanation for the delay did "not present a situation where [Neuendorf was] without fault on his part for his late filings."  (Doc. 36, Ex. J)  On October 12, 2012, and again on November 23, 2012, Neuendorf petitioned the Court of Appeals to review the Superior Court's dismissal of

his Rule 32 proceedings.[1]  (Doc. 36, Ex. S)  On November 21, 2013, the Court of Appeals granted review and denied relief.  (Doc. 36, Ex. U)  Neuendorf's motion for reconsideration was denied on January 14, 2014, and he did not petition the Arizona Supreme Court for review.  (Doc. 36, Ex. U)

On August 20, 2012, Neuendorf filed a State Court Complaint in Maricopa County Superior Court alleging that his conviction and sentence violated the Fourteenth Amendment. (Doc. 36, Ex. K)  The Court construed this filing as his third untimely Rule 32 Petition and, on September 18, 2012, dismissed it for failing to raise a claim for which relief can be granted in an untimely Rule 32 proceeding.  (Doc. 36, Ex. L)

On November 26, 2012, Neuendorf filed a Petition for Post-Conviction Relief in Maricopa County Superior Court and, on December 17, 2012, the Court summarily dismissed the Petition for failing to raise a claim for which relief can be granted in an untimely Rule 32 proceeding and because his claims either were or could have been raised in a prior Rule 32 proceeding.  (Doc. 36, Exs. M, N)

On February 27, 2013, Neuendorf filed a Notice of Post-Conviction Relief in Maricopa County Superior Court and, on April 4, 2013, the Court again summarily dismissed the Notice for failing to raise a claim for which relief can be granted in an untimely Rule 32 proceeding and because his claims either were or could have been raised in a prior Rule 32 proceeding.  (Doc. 36, Exs. O, P)

On October 16, 2013, Neuendorf again filed a Notice of Post-Conviction Relief in Maricopa County Superior Court and, on October 30, 2013, the Court again summarily dismissed the Notice for failing to raise a claim for which relief can be granted in an untimely Rule 32 proceeding and because his claims either were or could have been raised in a prior Rule 32 proceeding. (Doc. 36, Exs. Q, R)  The Court also noted that Neuendorf was not entitled to relief under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012),

---

[1] In his October 12, 2012 Petition, Neuendorf wrote that he was requesting review of the Superior Court's April 18, 2012 decision, but he attached the Superior Court's September 18, 2012 minute entry.  (Doc. 36, Ex. S)  In his November 23, 2012 Petition, Neuendorf also wrote that he was requesting review of the Superior Court's April 18, 2012 decision but no minute entry was attached.  (Doc. 36, Ex. T)

1 because the *Martinez* decision applied to federal, not state, post-conviction proceedings. (Doc. 36, Ex. R)

This Habeas Petition. On January 30, 2014, Neuendorf filed the Petition for Writ of Habeas Corpus under review in this case. (Doc. 1) His Petition argues that (1) he received ineffective assistance of trial counsel, (2) his sentence violated due process and the Eighth Amendment, (3) his plea was not knowingly or intelligently made, and (4) the State's failure to turn over impeachment evidence violated due process. (*Id*.) Respondents contend that his Petition is untimely and that he is not entitled to equitable tolling. The Court agrees and recommends that this Petition be denied and dismissed with prejudice.

**Neuendorf's Petition is Untimely.**

A state prisoner seeking federal habeas relief from a state court conviction is required to file the petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The period of limitations is statutorily tolled during the time in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in the State courts. 28 U.S.C. § 2244(d)(2). If a defendant is convicted pursuant to a guilty plea, then the first post-conviction proceeding is considered a form of direct review and the conviction becomes "final" for purposes of Section 2244(d)(1)(A) when the Rule 32 of-right proceeding concludes. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).") (internal quotation omitted); *Summers v. Schriro,* 481 F.3d 710, 711 (9th Cir. 2007) (conviction pursuant to plea agreement is final on expiration of the time for seeking Rule 32 relief).

Neuendorf was sentenced on April 8, 2011, and, when he did not timely initiate Rule 32 proceedings under Arizona Rule of Criminal Procedure 32.4(a), his conviction

1  became final on July 8, 2011.  Thus, his one year clock for filing a habeas petition in this
2  Court began on July 9, 2011, and ended on July 9, 2012.

3  Before July 9, 2012, Neuendorf had initiated two Rule 32 proceedings in Superior
4  Court but these were both untimely.  Because they were not "properly filed," they did not
5  toll any time for Section 2244(d)(2).  *Pace*, 544 U.S. at 413 (no AEDPA tolling from
6  untimely state post-conviction petitions).

7  Before July 9, 2012, Neuendorf had also filed a habeas petition in this Court.  But
8  this did not toll any time because "an application for federal habeas corpus review is not
9  an 'application for State post-conviction or other collateral review' within the meaning of
10  28 U.S.C. § 2244(d)(2)."  *Duncan v. Walker*, 533 U.S. 167, 181 (2001).  Moreover,
11  Neuendorf's first habeas petition was dismissed because he had not exhausted his state
12  court remedies.  This means that he cannot relate this habeas petition to his earlier habeas
13  petition because a "second habeas petition does not relate back to a first habeas petition
14  when the first habeas petition was dismissed for failure to exhaust state remedies."
15  *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).

16  None of Neuendorf's filings tolled any time and so his one year timeframe expired
17  and, once expired, it could not be revived by subsequent filings.  *Pace v. DiGuglielmo*,
18  544 U.S. 408, 413 (2005) (no AEDPA tolling from untimely state post-conviction
19  petitions).  Accordingly, his habeas petition, filed on January 30, 2014, was untimely.

20  **Neuendorf is Not Entitled to Equitable Tolling.**

21  Neuendorf's Petition is untimely unless he can show that he is entitled to equitable
22  tolling.  To make such a showing, Neuendorf must demonstrate both that he pursued his
23  rights diligently and that some extraordinary circumstance prevented him from filing his
24  petition.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).

25  Neuendorf does not attempt to show either prong of this test.  Instead, he argues
26  that *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), entitles him to file an untimely habeas
27  petition.  (Doc. 1 at 9, 11)  This argument is unpersuasive because *Martinez* does not
28  address the limitations bar in Section 2244(d)(2) and it does not excuse an untimely

habeas petition. *E.g., Madueno v. Ryan*, 2014 WL 2094189, at *7 (D.Ariz. May 20, 2014); *Marshall v. Ryan*, 2014 WL 710954, at *5 (D.Ariz. Feb. 25, 2014); *Moreno v. Ryan*, 2014 WL 24151, at *5 (D.Ariz. Jan. 2, 2014).

Neuendorf also seems to argue that his status as a pro se litigant entitles him to additional time. (Doc. 43) However, he is not entitled to equitable tolling because of his status as a pro se litigant, his lack of familiarity with the law, or the extent of his legal resources. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

**IT IS THEREFORE RECOMMENDED** that John Calvin Neuendorf II's petition for writ of habeas corpus be **denied and dismissed with prejudice**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an

order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 4th day of May, 2015.

_____
David K. Duncan
United States Magistrate Judge