IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Calvin Neuendorf,<br><br>               Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>               Respondents. | No. CV-14-00176-PHX-DJH<br><br>**ORDER** |

      This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and the Report and Recommendation ("R&R") issued by United States Magistrate David K. Duncan (Doc. 45).  Since the filing of the R & R, Petitioner has filed a Motion for "Order of Enforcement Habeas Corpus" (Doc. 48) and, most recently, a Motion for Default (Doc. 49).

      The Petitioner, appearing *pro se*, asserts four grounds for relief in his habeas petition: "(1) he received ineffective assistance of trial counsel, (2) his sentence violated due process and the Eighth Amendment, (3) his plea was not knowingly or intelligently made, and (4) the State's failure to turn over impeachment evidence violated due process."  R & R (Doc. 45) at 4:4-7 (citation omitted).  Respondents argued that the Petition was untimely and that Petitioner was not entitled to equitable tolling.

      Agreeing, the Magistrate Judge cogently explained why none of Petitioner's "filings tolled any time and so his one year timeframe expired and, once expired, it could not be revived by subsequent filings."  R & R (Doc. 45) at 5:16-17 (citation omitted).

Likewise, the Magistrate Judge soundly reasoned that Petitioner was not entitled to equitable tolling. (*See id.* at 5:20-6:9).  Accordingly, the Magistrate Judge recommended denial of this Petition and dismissal with prejudice.  The Magistrate Judge  further recommended "that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be denied because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable."  (*Id.* at 6:12-15) (emphasis omitted).

The R & R expressly informed the parties that they were entitled to "file specific written objections with the Court."  R & R (Doc. 45) at 6:20 (citations omitted). Concluding, the R & R also informed the parties that "[f]ailure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation."  (*Id.* at 5:26-7:1) (citation omitted).

On May 18, 2015, Petitioner filed a document entitled "Motion: to Reply 'Redacted Filing' Only for the EM/ECF Help Desk" (Doc. 47), which the Court is construing as Petitioner's timely objections to the R & R.  Petitioner has not raised any objections whatsoever to the R & R itself though.  Petitioner does not object to any of the R & R's factual findings.  Nor does Petitioner object to the R & R's legal conclusions that his petition was untimely and he is not entitled to equitable tolling.  Instead, Petitioner devotes his "objections" to reasserting the merits of his petition, focusing primarily upon his alleged ineffective assistance of a counsel claim.

The relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1989); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (citations omitted) ("Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").  Conversely, a "district judge *must* determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3) (emphasis added); *see also*  28 U.S.C. §  636(b)(1)

(emphasis added) ("A judge of the court *shall* make a de novo determination of those portions of the report . . . or recommendations to which objection is made.")  Because Petitioner did not objection to any aspect of the R & R, this Court did not engage in a de novo review.  Nonetheless, the Court has reviewed the R & R and agrees with its reasoning and  recommendation.  The Court will, therefore, accept the R&R, and deny and dismiss with prejudice this petition for writ of habeas corpus.  See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); Fed.R.Civ.P. 72(b)(3) (same).

In light of the foregoing, the Court denies as moot Petitioner's motion for enforcement (Doc. 48) and his motion for default (Doc. 49).

Accordingly,

**IT IS ORDERED** that Magistrate Judge Duncan's R&R (Doc. 45) is **accepted and adopted** as the order of this Court.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied and dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **denied** because Petitioner has not made a substantial showing of the denial of a constitutional right.

**IT IS FURTHER ORDERED** that Petitioner's Motion for "Order of Enforcement Habeas Corpus (Doc. 48) is **denied with prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Default (Doc. 49) is **denied with prejudice**.

1 **IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 19th day of August, 2015.

_____
Honorable Diane J. Humetewa
United States District Judge